■ MURRAY LEHMAN, Appellant, v. STEPHEN PARENTE, Respondent.— Plaintiff appeals from an order of the Supreme Court changing the place of trial from Sullivan County to Albany County on the ground that the convenience of witnesses and the ends of justice will be promoted thereby. The action is for false arrest and malicious prosecution. The transactions giving rise to the alleged cause of action took place in Albany County. It was within the province of the court at Special Term to find that several material witnesses, some law enforcement officials, reside in Albany County. A wide range of discretion should be allowed in determining motions of this nature, and we do not think there was any abuse of this discretion by the court below. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of NORMAN COHEN, Appellant, against BENJAMIN COHEN et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of SAM NUSSBAUM, Appellant, against MERCURY MESSENGER CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ BAYARD COOK, Appellant, v. ANNA E. YUHASZ, as Administratrix of the Estate of GUS G. YUHASZ, Deceased, Respondent. (Action No. 1.) ANNA E. YUHASZ, as Administratrix of the Estate of GUS G. YUHASZ, Deceased, Respondent, v. COUNTY OF ALBANY et al., Appellants. (Action No. 2.) — Appeals from so much of an order of the Supreme Court, Albany County as directed that plaintiff in Action No. 2 have the right to open and close upon the trial of two negligence actions ordered to be tried together without consolidation. Action No. 1 was first commenced by service of a summons but the complaint therein was not served until after service of the summons and complaint in Action No. 2, with the result that Action No. 2 was first at issue. No basis appears for questioning, as the attorney for Mr. Cook in his plaintiff's action would have us do, either the propriety or the effect of the extension of time to answer granted the attorneys for Mr. Cook in the action in which he is a defendant, upon the usual stipulation providing for "issue to remain as of original date." Neither do we find in this case grounds for granting plaintiff in Action No. 1 a preferred status, because the pretrial procedures in that action had been completed and the statement of readiness required by the special rule had been filed prior to completion of those steps in Action No. 2. There is some indication that here again Mr. Cook's attorneys in Action No. 2 obtained concessions which, in part at least, delayed preparation for trial, but the two actions nevertheless reached the same Trial Term Calendar. We find no occasion to disturb the determination reached by the court below in the reasonable exercise of its discretion. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ LUIGI TACINELLI, Respondent, v. ARDUINA FRASCATORE, Appellant, et al., Defendant.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of WILLIAM RICCIO, Appellant, against IRA S. BUSHEY & SONS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of CHARLES SCHLEIFER, Appellant, against NEWS SYNDICATE COMPANY, INC., et al., Respondents. WORKMEN'S COMPENSA-

TION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Estate of GERTRUDE T. HUNGERFORD, Deceased.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

## FOURTH DEPARTMENT, MARCH, 1958

### (March 5, 1958)

■ MARINE TRUST COMPANY OF WESTERN NEW YORK, POWER CITY TRUST OFFICE, as Executor of MAX M. OPPENHEIM, Deceased, Respondent, v. BERNARD D. LEVY, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Niagara Special Term, denying a motion by defendant Levy to dismiss plaintiff's complaint.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ BUFFALO SAVINGS BANK, Appellant, v. FAVATA CONSTRUCTION CO., INC., et al., Defendants, and JOHN RYCHNOWSKI et al., Respondents.— Order insofar as appealed from affirmed, with $10 costs and disbursements. Memorandum: The determination of the rights of the parties should await a full development of the facts upon a trial. All concur, except Williams and Halpern, JJ., who dissent and vote for reversal and for granting summary judgment in the following memorandum: In our opinion, the facts are sufficiently developed in the record to permit a final disposition of the case upon this appeal. The material facts are not in dispute; the dispute relates only to the legal conclusions to be drawn from them. The vendor-builder gave the bank a mortgage in the amount of $15,200 (which was 95% of the appraised value of the land and the proposed building) to secure a building loan. The building loan agreement expressly provided that only $10,600 was to be advanced to the builder for the construction of the building. Under the understanding of the parties, the balance of $4,600 was to be advanced only after the building was entirely completed and the property was sold, and then only if the purchaser was a person who could qualify either for a veteran's loan or an FHA loan and he desired to have a mortgage in the maximum amount obtainable. The defendants Rychnowski purchased the property from the builder for $16,000, paying $1,000 down and agreeing to assume a building loan first mortgage to the plaintiff bank in the amount of $15,000. The contract further provided that if the purchaser did not obtain an FHA loan in the amount of $12,500, the contract would be null and void and any deposit made by the purchaser would be refunded by the vendor. The vendees later paid an additional $2,752 to the vendor on account of the purchase price. The bank advanced $10,500 upon the building loan mortgage to the builder. It will be noted that the amount advanced on the building loan plus the amount of the payments made by the vendees totaled $14,252, which was less than the purchase price of the property. The vendees' application for an FHA mortgage was subsequently declined for reasons not here material. In this action by the plaintiff bank to foreclose its first mortgage, the vendees interposed an answer asserting that their vendees' lien was superior to the lien of the bank's mortgage. We are of the opinion that the bank's motion for summary judgment should have been granted. As a matter of law, the lien of the bank's mortgage was superior to the vendees' lien. The purchase agreement plainly contemplated